IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

David K. Ball,                                    Case No. 3:09 CV 1252

               Plaintiff,             O R D E R

    -vs-                                       JUDGE JACK ZOUHARY

Continental Casualty Comnpany,

               Defendant.

The Court held oral argument on July 15, 2009 on pending motions.

Present: Plaintiff David Ball; Cary Cooper and David Copeland, counsel for Plaintiff; Monica Sansalone and Christopher Carroll, counsel for Defendant Continental Casualty.

The Court denied Plaintiff's Motion to Remand (Doc. No. 16). The Court granted Continental's Motion to Stay (Doc. No. 9), conditioned on Continental filing a $1,200,000 (One-Million Two Hundred Thousand Dollars) surety bond with the Clerk of Court within ten (10) days. The Court granted Plaintiff's oral motion to dismiss Counts Two and Three of the Supplemental Complaint without prejudice. Thus, Continental's Motion for Partial Dismissal (Doc. No. 10) was dismissed as moot. This Order supplements the Court's rulings at oral argument.

**Motion to Remand**

Plaintiff's Motion to Remand (Doc. No. 16) is denied. 28 U.S.C. § 1446(b) limits the time period within which a diversity case may be removed to federal court: "[A] case may not be removed

on the basis of jurisdiction conferred by section 1332 of this title [diversity] more than 1 year after commencement of the action." Plaintiff argues, for purposes of measuring the one-year period, that this action "commenced" on the date the underlying action between Plaintiff and Tebay and TM Associates was filed -- September 20, 2006. Continental argues that this action "commenced" the date Plaintiff filed the Supplemental Complaint against it -- April 28, 2009.

The Court finds R.C. § 3929.06 creates a distinct cause of action, and the one-year removal restriction in 28 U.S.C. § 1446(b) should be measured from the filing of the Supplemental Complaint. Case law cited by Plaintiff is easily distinguished because the claims in those cases were brought prior to entry of final judgment by the state court. *See Suncoast Country Clubs, Inc. v. U.S. Fire Ins. Co.*, No. 8:06-CV-1238, 2006 U.S. Dist. LEXIS 62075 (M.D. Fla. Aug. 31, 2006) (Florida statute provided for adding insurer of defendant to the action by way of motion); *Price v. Messer*, 872 F. Supp. 317 (S.D. W. Va. 1995) (insurer was added as a defendant in the underlying action by way of an amended complaint). Here, the Supplemental Complaint was necessarily filed after the entry of final judgment.

The determinative question here is whether the "supplemental complaint" provided for in R.C. § 3929.06 is effectively a distinct action from the underlying action, or whether it is so related that it should be considered a part of the underlying action. A finding of the former means the "commencement" date is April 28, 2009; a finding of the latter means the "commencement" date is September 20, 2006.

There are no cases directly on point, but some federal cases discussing R.C. § 3929.06 provide guidance on how courts view the operation of that statute. In *Elkins v. Am. Int'l Special Lines Ins. Co.*, 611 F. Supp. 2d 752 (S.D. Ohio 2009), the court considered how R.C. § 3929.06 impacted the

2

determination of citizenship for diversity jurisdiction purposes. The relevant facts from that case are as follows:

> This is an action brought by plaintiff Shirley E. Elkins against defendant American international Special Lines Insurance Company. On March 20, 2008, plaintiff filed a supplemental complaint pursuant to Ohio Rev.Code § 3929.06 against the defendant in the Court of Common Pleas of Franklin County, Ohio. Plaintiff alleged that on January 31, 2008, she obtained a judgment against Chelsea Title Agency of Columbus, Inc. ("Chelsea Title") in the amount of $90,113.28, stemming from Chelsea Title's negligent failure to properly file a lien on her behalf. Plaintiff further alleged that since the defendant provided errors and omissions liability coverage to Chelsea Title, the defendant was liable for the damages awarded in her favor against Chelsea Title. In her prayer for relief, plaintiff demands judgment against the defendant in the amount of $90,113.28, plus pre-judgment and post-judgment interest, fees, costs, attorney's fees, and any other available relief.
>
> On June 11, 2008, the defendant filed a notice of the removal of the action to this court on the basis of diversity of citizenship. On October 9, 2008, plaintiff filed a motion to remand the action to the Franklin County Common Pleas Court, arguing that diversity is lacking and that the jurisdictional amount in controversy has not been satisfied. On October 31, 2008, defendant filed a motion for summary judgment. Those motions are now before the court for a ruling.

*Id.* at 757. Plaintiff was an Ohio resident. Special Lines was a citizen of Illinois and New York. Chelsea Title was an Ohio citizen. Plaintiff argued the parties were not diverse because Chelsea Title, the defendant in the underlying cause of action, was an Ohio resident. The court held that Chelsea Title's citizenship was irrelevant because the action was brought under R.C. § 3929.06 and was therefore separate and distinct from the underlying action to which Chelsea Title was a party. The court explained "[s]ection 3929.06 creates a subrogation action, wherein the injured party stands in the shoes of the insured against his or her insurer, and the statute may be used only to bring insurers into an action." *Id.* at 758.

The court cited *Ridge v. Nat'l Am. Ins. Co.*, 46 F.3d 1131 (table), 1995 WL 11210, at *1 (6th Cir. Jan. 11, 1995), in which the Sixth Circuit, in finding complete diversity existed, noted that "this

3

Court has previously recognized the propriety of bringing a diversity action based on section 3929.06." Thus, it appears that for purposes of determining jurisdiction, courts treat an action filed under R.C. § 3929.06 as sufficiently distinct from the underlying action giving rise to the liability. *Id.*; *see also Doepker v. Everest Indem. Ins. Co.*, No. 5:07-CV-2456, 2008 WL 163606 (N.D. Ohio Jan. 16, 2008) (holding that insurer is the only proper defendant in a supplemental complaint filed under R.C. § 3929.06).

**Motion to Stay**

Continental's Motion to Stay (Doc. 9) is granted upon the condition that Continental post a bond in the amount of $1,200,000 with the Clerk of Court within ten (10) days. Either party may move at any time to reopen this case and, in any event, this case is stayed pending the outcome of the appeal in the underlying case.

The Court finds that the interests of judicial efficiency and economy warrant granting a stay in this case. *Ohio Envt'l Council v. U.S. Dist. Ct., S.D. Ohio, E.D.*, 565 F.2d 393, 396 (6th Cir. 1977) (the entry of a stay is within the sound discretion of the district court and "'is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants.'") (*quoting Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). Ohio courts have stayed supplemental proceedings brought under R.C. § 3929.06 pending the outcome of an underlying appeal. *See Heintzelman v. Air Experts, Inc.*, No. 07-CAE-090045, 2008 WL 4356286 (5th Dist. Ohio Ct. App. Sept. 24, 2008); *Zinn v. Leach*, Nos. 90-CA-03 & 90-CA-08, 1990 WL 187466 (2d Dist. Ohio Ct. App. Nov. 29, 1990). The underlying case is pending in the state court of appeals. A reversal or vacation of the final judgment may relieve Continental of some or all liability in this action. Therefore, a stay is warranted.

The Court recognizes the need to protect Plaintiff upon the issuance of a stay. Therefore, the Court orders Continental to post a $1,200,000 surety bond within ten (10) days. The Court believes this amount will adequately protect Plaintiff's interest in its R.C. § 3929.06 claim against Continental. The policy limit between Continental and its insured is $1,000,000.

**Motion for Partial Dismissal**

Continental moved to dismiss Counts Two and Three (Doc. No. 10). At the hearing, Plaintiff orally moved to dismiss Counts Two and Three without prejudice, and the Court granted the oral motion. Therefore, Continental's Motion is denied as moot.

IT IS SO ORDERED.

s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 15, 2009